IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Jonnette Watson, | ) | Civ. NO. 09-00411 SOM/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT; |
| vs. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED |
| The Honolulu Police Department, The Department of Homeland Security, The Deputy Attorney General, and the State Family Court District Judge, | ) ) ) ) ) ) | WITHOUT PREPAYMENT OF FEES |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT;
ORDER DENYING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES

On August 31, 2009, Plaintiff Jonnette Watson filed a Complaint. Concurrent with the filing of her Complaint, Watson filed an Application To Proceed Without Prepayment of Fees ("Application"). As the Complaint fails to state a claim, the court DISMISSES the Complaint without prejudice and DENIES the Application as moot.

DISCUSSION

A court may deny leave to proceed in forma pauperis at the outset if it appears from the facts of the proposed complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Tripati v. First Nat'l Bank & Trust, 821 F.2d at 1370 (9th Cir. 1987) (citing Reece v. Washington, 310

F.2d 139, 140 (9th Cir. 1962)).  However, pro se plaintiffs proceeding in forma pauperis "must . . . be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Tripati, 821 F.2d at 1370.

Watson's Complaint is confusing and fails to set forth "a short and plain statement of the claim" showing that she is entitled to relief.  See Fed. R. Civ. P. 8(a).  This is not Watson's first Complaint before the court, nor is it the first time she is asserting some of the claims asserted here.  Watson initially filed a Complaint on June 23, 2009 alleging that the police "terminated my parental rights."  She stated that the police "forced my daughter out from an acquaintance I met, into police vehicle, late nite, abduct'd my daughter."  She also appeared to allege that her daughter was taken from her by Child Protective Services.  The court dismissed the Complaint, holding that Watson did not assert any viable claims.  The court noted that any challenge of a state-court decision regarding child custody must be made through the state-court appellate process. Watson v. State Deputy Attorney General, No. 09-00286, 2009 WL 1789346 at *2 (D. Haw. June 23, 2009);  see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  The court granted Watson leave to amend to state viable claims by July 17, 2009.  When Watson failed to file a timely

Complaint that cured the deficiencies in her Original Complaint, the court dismissed the Complaint. <u>Watson v. State Deputy Attorney General</u>, No. 09-00286, 2009 WL 1789346 at *1 (D. Haw. June 23, 2009).

Watson's current Complaint suffers from the same deficiencies as her earlier one, as it fails to state any viable claim. Watson appears to be alleging that she was denied custodial rights of her daughter, and that other daughters were kidnapped. Each assertion fails to allege a viable claim.

Watson asserts that she was denied custody of one of her daughters based on accusations that she had committed "abusive neglective acts" to that daughter. In her previous Complaint, Watson similarly asserted that her daughter was taken from her by Child Protective Services, and that her parental rights were terminated in Family Court for the State of Hawaii. The court dismissed the previous complaint, noting that an objection to a state-court decision regarding child custody must be made through the state appellate process, not by filing a Complaint with this court. <u>Id.</u> Because Watson is continuing to assert the same claim previously dismissed, the court dismisses the claim for the reason in the order dismissing the earlier Complaint.

Watson also appears to assert that a stranger kidnapped one of her daughters seven years ago and that the police did not, and are not, sufficiently investigating the

incident.  Watson states, "Police refuses to assistance , is none cooperative in helping my daughter out in this incident."  Watson alleges that she has forty-five daughters, all of whom have been in her "physical care, one at a time."  She appears to allege that her forty-five daughters are missing.  Watson asks for the "damage costs" that she will use to "search , find , locate my 45 missing daughters."  Given these factual allegations, the court cannot determine what possible, or plausible, claim Watson is asserting.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, (2007) (noting that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").  Accordingly, to the extent the Complaint is based on factual allegations regarding kidnapping, it is dismissed.

Because the Complaint fails to state any viable claim, the court dismisses it.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (the in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

Given the dismissal of the Complaint, Watson's Application is denied as moot.  Watson is granted leave to file an Amended Complaint no later than October 14, 2009.  In any Amended Complaint, Watson should clearly state the relief she is

seeking, as well as allege the factual basis demonstrating that she is entitled to relief.

CONCLUSION

For the foregoing reasons, the court DISMISSES the Complaint and DENIES as moot Watson's Application To Proceed Without Prepayment of Fees.  Watson is given leave to amend her Complaint to state viable claims, as well as to file another Application or pay the appropriate filing fee, by October 14, 2009.  If Watson fails to (1) amend her Complaint and (2) pay the filing fee or submit another Application by October 14, 2009, her action will be automatically dismissed without further order of this court.

The Clerk of Court is directed to send a copy of this order to 1) Plaintiff; 2) Mark Bennett, the Attorney General for the State of Hawaii, at 425 Queen Street, Honolulu, HI 96813; and 3) Carrie Okinaga, Corporation Counsel for the City and County of Honolulu, at 530 S. King Street, Rm. 110, Honolulu, HI 96813.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 15, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Watson v. Honolulu Police Department, et. al., Civil No. 09-00411 SOM/LEK; Order Dismissing Complaint and Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees.